UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **JENNIFER RADECKI,** | : | |
| 40240 Robbe Road | : | Case No. 22-cv-6316 |
| Belleville, Michigan 48111 | : | |
| | : | Judge |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **MEDLINE INDUSTRIES, INC.** | : | |
| 801 Adlai Stevenson Drive | : | |
| Springfield, Illinois 62703 | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

Now comes Plaintiff Jennifer Radecki ("Plaintiff"), by and through undersigned counsel, and for her Complaint against Defendant Medline Industries, LP ("Defendant") states and avers as follows:

## THE PARTIES

1. Plaintiff is an individual residing in Wayne County, Michigan. At all times alleged herein, Plaintiff was an employee of Defendant as the same has been defined by Title VII of the 1964 Civil Rights Act as amended, 42 USCS § 2000e(f).

2. Defendant is an Illinois corporation, with its principal place of business in Cook County, Illinois, and at all times herein was Plaintiff's employer.

## JURISDICTION AND VENUE

3. Jurisdiction over the statutory violation alleged is conferred pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e.

4. Venue is proper is in the Northern District of Illinois, Eastern Division pursuant to Section 20 of the Employment and Confidentiality Agreement the Parties entered into on November 10, 2014. A copy of the "Agreement" is attached hereto as Exhibit A.

5. At all times pertinent hereto, Defendant was an "Employer" within the meaning of Title VII of the 1964 Civil Rights Act as amended, 42 USCS § 2000e(b).

6. Plaintiff satisfied all pre-requisites for filing this Complaint, including but not limited to obtaining a Notice of Right to Sue from the Equal Employment Opportunity Commission. A copy of the "Notice" is attached hereto as Exhibit B.

## FACTUAL ALLEGATIONS

7. Plaintiff incorporates her allegations set forth in paragraphs 1 through 6 above as if fully rewritten herein.

8. Defendant is a national healthcare company that manufactures and distributes medical products across the United States.

9. Plaintiff began her employment with Defendant approximately eight years ago. Most recently Plaintiff was a Skin Health Sales Representative and serviced a designated sales territory in Michigan.

10. During Plaintiff's employment with Defendant, Plaintiff received good performance evaluations and did not receive any disciplinary action.

11. In March 2020, Defendant required its entire workforce, except warehouse workers and drivers, to work remotely until further notice.

12. Plaintiff worked remotely beginning in March 2020 until her termination, approximately 18 months later.

    **A.**     **Defendant's Vaccine Mandate**

13. On August 20, 2021 Defendant mandated all "customer-facing" employees were required to be fully vaccinated against COVID-19 by November 1, 2021 (the "Vaccine Mandate"). Defendant stated an employee was "fully vaccinated" when at least 14 days have passed after receiving a final dose the COVID-19 vaccine.

14. Defendant required all employees to certify their vaccination statuses to Defendant and provide consent for Defendant to share their vaccination statuses with their customers through the MyMedLife benefits portal no later than September 1, 2021.

15. When Defendant announced its Vaccine Mandate, Defendant did not state it would accept religious and medical accommodations. Defendant directed employees to direct their questions to their Human Resources Representative.

16. Defendant's Vaccine Mandate did not include a testing alternative option.

17. Pursuant to Defendant's Vaccine Mandate, any employee that remained unvaccinated after November 1, 2021 would be terminated.

18. Defendant did not offer religious or medical accommodations in its Vaccine Mandate announcement, but Human Resources provided religious and medical accommodation forms specific to Defendant's COVID-19 Vaccine Mandate if employees inquired about accommodations.

19. Defendant's offer to entertain employees' religious and medical accommodations was illusory. Instead, Defendant utilized the religious and medical accommodations to mass terminate unvaccinated employees.

B. **Defendant's Accommodation Process**

20. Defendant required employees that wished to file a religious or medical accommodation contact their Human Resources Representative. Human Resources provided the employee with either a religious accommodation form and/or a medical accommodation form.

21. Defendant's religious accommodation form was titled "COVID-19 Request for Accommodation of Sincerely-Held Religious Belief."

22. Defendant's medical accommodation form was titled "COVID-19 Medical Inquiry Form in Response to an Accommodation Request."

23. Defendant denied virtually all religious and medical accommodation requests concerning Defendant's COVID-19 Vaccine Mandate and did not provide employees with accommodations.

24. Defendant regarded employees as unable to do their jobs and alleged any accommodation would pose undue hardship to Defendant.

25. Defendant informed employees that were denied religious and medical accommodations that they faced an immediate choice either (a) receive a COVID-19 vaccination in direct violation of their sincerely religious beliefs and/or in direct contradiction to their physical health or (b) be terminated.

26. Defendant mass terminated employees that filed religious or medical accommodations on November 1, 2021.

**C.  Plaintiff's Accommodation Request**

27. On September 2, 2021, Plaintiff submitted a religious accommodation request to Human Resources for Defendant's Vaccine Mandate and stated she had sincerely held religious beliefs against experimentation on human life and scientific methods utilizing aborted fetal cells.

4

Plaintiff stated her sincerely held religious beliefs prevented her from receiving a COVID-19 vaccine.

28. Kristen Shiley, Plaintiff's Human Resources representative, contacted Plaintiff to inform her Defendant would review her religious accommodation.

29. Defendant did not contact Plaintiff to discuss reasonable accommodations.

30. Defendant denied Plaintiff's religious accommodation on October 15, 2021.

31. Defendant terminated Plaintiff on November 1, 2021 because Plaintiff chose to remain unvaccinated pursuant to her sincerely held religious beliefs.

32. Defendant's stated reason for termination is false or not believable.

## COUNT ONE
### Violation of Title VII, 42 USC § 2000e, *et seq.*
### Religious Discrimination – Failure to Accommodate

33. Plaintiff incorporates her allegations set forth in paragraphs 1 through 32 above as if fully rewritten herein.

34. Title VII prohibits employers from discriminating against its employees on the basis of their sincerely held religious beliefs. *See* 42 USC § 2000e-2(a).

35. Plaintiff holds a sincerely held religious belief that precludes her from receiving a COVID-19 vaccine.

36. Plaintiff informed Defendant of her beliefs and requested a religious accommodation from Defendant's Vaccine Mandate.

37. Defendant failed to engage in the interactive process with Plaintiff regarding her religious accommodation request.

38. Irrespective of the interactive process, Defendant failed to provide Plaintiff with a religious accommodation or reasonable accommodation.

39. Defendant's failure to provide religious accommodation has harmed and will continue to harm Plaintiff.

40. Plaintiff's religious belief was the basis for Defendant's discriminatory treatment.

41. Accommodating Plaintiff's religious beliefs would not have resulted in an undue hardship on Defendant or its business.

42. By failing to engage in the interactive process or offer any reasonable accommodation, Defendant's discriminatory actions were intentional and/or reckless and in violation of Title VII.

43. As a result of Defendant's discriminatory actions, Plaintiff is entitled to all damages as provided by 42 USC § 2000e and common law including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, punitive damages, lost wages and income (including back pay and front pay), and other benefits to which she was entitled, an amount to be determined at trial.

**COUNT TWO**
**Violation of Title VII, 42 USC § 2000e, *et seq.***
**Religious Discrimination – Disparate Treatment**

44. Plaintiff incorporates her allegations set forth in paragraphs 1 through 43 above as if fully rewritten herein.

45. Title VII makes it illegal for an employer to discriminate against any individual with respect to her compensation, terms, conditions, or privileges or employment on the basis of religion. 42 USC § 2000e-2(a)(1).

46. Plaintiff holds a sincerely held religious belief and is a member of a protected class.

47. Plaintiff was qualified for her position with Defendant.

48. Defendant engaged in a company-wide and systemic policy, pattern, and practice of religious discrimination against Plaintiff by failing to reasonably accommodate Plaintiff's sincerely held religious beliefs and objections to COVID-19 vaccination; discriminatorily pressuring Plaintiff to forego her religious beliefs and conscience to subject herself to an unwanted COVID-19 vaccination; offering illusory religious accommodations; and other forms of discrimination.

49. By imposing its Vaccine Mandate on Plaintiff, deliberately refusing to reasonably accommodate Plaintiff's sincerely held religious objections, and falsely stating Plaintiff's religious accommodation would be considered, Defendant discriminated against Plaintiff on the basis of her religious beliefs and practices.

50. Defendant's discriminatory actions were motivated by discriminatory animus towards Plaintiff's sincerely held religious beliefs.

51. As a result of Defendant's disparate treatment, Plaintiff suffered an adverse employment action.

52. As a result of Defendant's disparate treatment, Plaintiff was treated differently than similarly situated employees with no religious objections to the COVID-19 vaccines.

53. As a result of Defendant's discriminatory actions, Plaintiff is entitled to all damages as provided by 42 USC § 2000e and common law including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, punitive damages, lost wages and income (including back pay and front pay), and other benefits to which she was entitled, an amount to be determined at trial.

**COUNT THREE**
**Violation of Title VII, 42 USC § 2000e, *et seq.***
**Religious Discrimination – Disparate Impact**

54. Plaintiff incorporates her allegations set forth in paragraphs 1 through 53 above as if fully rewritten herein.

55. Title VII makes it illegal for an employer to implement an employment practice or policy that causes a disparate impact on the basis of race, color, religion, sex, or national origin. 42 USC § 2000e-2(k).

56. Plaintiff is a member of a protected class.

57. Defendant's Vaccine Mandate caused a disparate impact on the basis of religion.

58. Defendant's Vaccine Mandate is not job-related for Plaintiff's position or consistent with business necessity.

59. Plaintiff offered alternative employment practices for Defendant's Vaccine Mandate, but Defendant refused to adopt such alternative employment practices.

60. As a result of Defendant's Vaccine Mandate, Plaintiff was disparately impacted and suffered an adverse employment action.

61. As a result of Defendant's Vaccine Mandate, Plaintiff is entitled to all damages as provided by 42 USC § 2000e and common law including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, punitive damages, lost wages and income (including back pay and front pay), and other benefits to which she was entitled, an amount to be determined at trial.

**WHEREFORE**, Plaintiff Jennifer Radecki prays that this Court award a judgment against Defendant Medline Industries, Inc. on all counts, for compensatory and punitive damages including, but not limited to, emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, punitive damages, lost wages and income and other benefits to which Plaintiff is entitled in an amount to be determined at trial and an award of Plaintiff's costs

and reasonable attorney fees incurred relating to this action; ALL TOGETHER WITH such other relief as may be just, necessary and proper.

        Respectfully submitted,

        ED FOX & ASSOCIATES, LTD.

By:  /s/ Edward M. Fox
      Edward M. Fox (#6205330)
      118 N. Clinton Street, Suite 425
      Chicago, Illinois 60661
      (312) 345-8877
      Email: efox@efoxlaw.com

*Counsel for Plaintiff*