### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| **JENNIFER RADECKI,** | Case No. 1:22-cv-06316 |
| Plaintiff, | Judge John Robert Blakey |
| v. | Magistrate Judge Maria Valdez |
| **MEDLINE INDUSTRIES, INC.,** | |
| Defendant. | |

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Medline Industries, LP (improperly identified as Medline Industries, Inc. in the Complaint), by and through undersigned counsel, states as follows for its Answer to Plaintiff's Complaint:

### THE PARTIES

1. Plaintiff is an individual residing in Wayne County, Michigan. At all times alleged herein, Plaintiff was an employee of Defendant as the same has been defined by Title VII of the 1964 Civil Rights Act as amended, 42 USCS § 2000e(f).

**ANSWER:** Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's residence in Paragraph 1 of the Complaint, and therefore, denies the same. The remaining allegation in Paragraph 1 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that it employed Plaintiff from November 10, 2014 to November 1, 2021. During that time, she was an employee of Defendant and an "employee" as defined under 42 U.S.C. § 2000e(f). Except as expressly admitted herein as true, Defendant denies the allegations in Paragraph 1 of the Complaint.

2. Defendant is an Illinois corporation, with its principal place of business in Cook County, Illinois, and at all times herein was Plaintiff's employer.

**ANSWER:** Defendant admits its principal place of business is in Cook County, Illinois and that it employed Plaintiff from November 10, 2014 to November 1, 2021. Except as expressly admitted herein as true, Defendant denies the allegations in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. Jurisdiction over the statutory violation alleged is conferred pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e.

**ANSWER:** The allegation in Paragraph 3 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that this Court has jurisdiction over this Complaint pursuant to 28 U.S.C. § 1331. Except as expressly admitted herein as true, Defendant denies the allegations in Paragraph 3 of the Complaint.

4. Venue is proper is in the Northern District of Illinois, Eastern Division pursuant to Section 20 of the Employment and Confidentiality Agreement the Parties entered into on November 10, 2014. A copy of the "Agreement" is attached hereto as Exhibit A.

**ANSWER:** The allegation in Paragraph 4 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that venue is proper in this Court pursuant to the Employment and Confidentiality Agreement dated November 10, 2014. Except as expressly admitted herein as true, Defendant denies the allegations in Paragraph 4 of the Complaint.

5. At all times pertinent hereto, Defendant was an "Employer" within the meaning of Title VII of the 1964 Civil Rights Act as amended, 42 USCS § 2000e(b).

**ANSWER:** The allegations in Paragraph 5 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that it employed Plaintiff from November 10, 2014 to November 1, 2021. During that time, Defendant

was Plaintiff's "employer" as defined under 42 U.S.C. §2000e(b). Except as expressly admitted herein as true, Defendant denies the allegations in Paragraph 5 of the Complaint.

6. Plaintiff satisfied all pre-requisites for filing this Complaint, including but not limited to obtaining a Notice of Right to Sue from the Equal Employment Opportunity Commission. A copy of the "Notice" is attached hereto as Exhibit B.

**ANSWER:** The allegations in Paragraph 6 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 6 of the Complaint.

## PLAINTIFF'S "FACTUAL ALLEGATIONS"

7. Plaintiff incorporates her allegations set forth in paragraphs 1 through 6 above as if fully rewritten herein.

**ANSWER:** Defendant incorporates by reference its above responses to all previous allegations as if fully rewritten.

8. Defendant is a national healthcare company that manufactures and distributes medical products across the United States.

**ANSWER:** Defendant admits the allegations in Paragraph 8 of the Complaint.

9. Plaintiff began her employment with Defendant approximately eight years ago. Most recently Plaintiff was a Skin Health Sales Representative and serviced a designated sales territory in Michigan.

**ANSWER:** Defendant admits that it employed Plaintiff from November 10, 2014 to November 1, 2021, and that, at the time of Plaintiff's termination, she was a Skin Health Sales Representative. Except as expressly admitted herein as true, Defendant denies the allegations in Paragraph 9 of the Complaint.

10. During Plaintiff's employment with Defendant, Plaintiff received good performance evaluations and did not receive any disciplinary action.

**ANSWER:** Defendant denies the allegations in Paragraph 10 of the Complaint.

11. In March 2020, Defendant required its entire workforce, except warehouse workers and drivers, to work remotely until further notice.

**ANSWER:** Defendant denies the allegations in Paragraph 11 of the Complaint.

12. Plaintiff worked remotely beginning in March 2020 until her termination, approximately 18 months later.

**ANSWER:** Defendant admits that Plaintiff worked remotely from March 2020 until her termination on November 1, 2021. Except as expressly admitted herein as true, Defendant denies the allegations in Paragraph 12 of the Complaint.

    A.    **Defendant's Vaccine Mandate**

13. On August 20, 2021 Defendant mandated all "customer-facing" employees were required to be fully vaccinated against COVID-19 by November 1, 2021 (the "Vaccine Mandate"). Defendant stated an employee was "fully vaccinated" when at least 14 days have passed after receiving a final dose the COVID-19 vaccine.

**ANSWER:** Defendant admits that on August 20, 2021, it announced that all customer facing roles within the sales, marketing, quality, and product divisions were required to be vaccinated against COVID-19 by November 1, 2021. Defendant further admits that an employee was considered to be fully vaccinated against COVID-19 when at least 14 days passed after receiving a final dose of the COVID-19 vaccine. Except as expressly admitted herein as true, Defendant denies the allegations in Paragraph 13 of the Complaint.

14. Defendant required all employees to certify their vaccination statuses to Defendant and provide consent for Defendant to share their vaccination statuses with their customers through the MyMedLife benefits portal no later than September 1, 2021.

**ANSWER:** Defendant admits that it required employees to certify their COVID-19 vaccination status through the MyMedLife benefits portal. Except as expressly admitted herein as true, Defendant denies the allegations in Paragraph 14 of the Complaint.

15. When Defendant announced its Vaccine Mandate, Defendant did not state it would accept religious and medical accommodations. Defendant directed employees to direct their questions to their Human Resources Representative.

**ANSWER:** Defendant admits that its initial communication regarding its vaccination policy on August 20, 2021, did not advise employees of the option to submit religious and/or medical accommodation requests and directed employees to send any questions to their aligned Human Resource Representative. Information on accommodation requests, however, was provided in Defendant's COVID-19 Vaccine Policy and through Defendant's Human Resources Representatives. Except as expressly admitted herein as true, Defendant denies the allegations in Paragraph 15 of the Complaint.

16. Defendant's Vaccine Mandate did not include a testing alternative option.

**ANSWER:** Defendant admits the allegations in Paragraph 16 of the Complaint.

17. Pursuant to Defendant's Vaccine Mandate, any employee that remained unvaccinated after November 1, 2021 would be terminated.

**ANSWER:** Defendant denies the allegations in Paragraph 17 of the Complaint.

18. Defendant did not offer religious or medical accommodations in its Vaccine Mandate announcement, but Human Resources provided religious and medical accommodation forms specific to Defendant's COVID-19 Vaccine Mandate if employees inquired about accommodations.

**ANSWER:** Defendant admits that accommodation request forms were available to all employees. Except as expressly admitted herein as true, Defendant denies the allegations in Paragraph 18 of the Complaint.

19. Defendant's offer to entertain employees' religious and medical accommodations was illusory. Instead, Defendant utilized the religious and medical accommodations to mass terminate unvaccinated employees.

**ANSWER:** Defendant denies the allegations in Paragraph 19 of the Complaint.

**B.     Defendant's Accommodation Process**

20.     Defendant required employees that wished to file a religious or medical accommodation contact their Human Resources Representative. Human Resources provided the employee with either a religious accommodation form and/or a medical accommodation form.

**ANSWER:** Defendant admits the allegations in Paragraph 20 of the Complaint.

21.     Defendant's religious accommodation form was titled "COVID-19 Request for Accommodation of Sincerely-Held Religious Belief."

**ANSWER:** Defendant admits the allegations in Paragraph 21 of the Complaint.

22.     Defendant's medical accommodation form was titled "COVID-19 Medical Inquiry Form in Response to an Accommodation Request."

**ANSWER:** Defendant admits the allegations in Paragraph 22 of the Complaint.

23.     Defendant denied virtually all religious and medical accommodation requests concerning Defendant's COVID-19 Vaccine Mandate and did not provide employees with accommodations.

**ANSWER:** Defendant denies the allegations in Paragraph 23 of the Complaint.

24.     Defendant regarded employees as unable to do their jobs and alleged any accommodation would pose undue hardship to Defendant.

**ANSWER:** Defendant denies the allegations in Paragraph 24 of the Complaint.

25.     Defendant informed employees that were denied religious and medical accommodations that they faced an immediate choice either (a) receive a COVID-19 vaccination in direct violation of their sincerely religious beliefs and/or in direct contradiction to their physical health or (b) be terminated.

**ANSWER:** Defendant denies the allegations in Paragraph 25 of the Complaint.

26.     Defendant mass terminated employees that filed religious or medical accommodations on November 1, 2021.

**ANSWER:** Defendant denies the allegations in Paragraph 26 of the Complaint.

### C. Plaintiff's Accommodation Request

27. On September 2, 2021, Plaintiff submitted a religious accommodation request to Human Resources for Defendant's Vaccine Mandate and stated she had sincerely held religious beliefs against experimentation on human life and scientific methods utilizing aborted fetal cells. Plaintiff stated her sincerely held religious beliefs prevented her from receiving a COVID-19 vaccine.

**ANSWER:** Defendant admits that Plaintiff submitted a religious accommodation request on September 2, 2021, seeking exemption from Defendant's vaccination policy. Defendant further admits that Plaintiff claimed to have religious beliefs against experimentation on human life and scientific methods utilizing aborted fetal cells that purportedly prevented her from receiving a COVID-19 vaccination. Except as expressly admitted herein as true, Defendant denies the allegations in Paragraph 27 of the Complaint.

28. Kristen Shiley, Plaintiff's Human Resources representative, contacted Plaintiff to inform her Defendant would review her religious accommodation.

**ANSWER:** Defendant admits the allegation in Paragraph 28 of the Complaint.

29. Defendant did not contact Plaintiff to discuss reasonable accommodations.

**ANSWER:** Defendant denies the allegation in Paragraph 29 of the Complaint.

30. Defendant denied Plaintiff's religious accommodation on October 15, 2021.

**ANSWER:** Defendant admits that it denied Plaintiff's request to be exempted from its vaccination policy on October 15, 2021. Defendant affirmatively avers that it offered Plaintiff accommodation in the form of the ability to transfer into a non-customer facing position that was not subject to the vaccination policy at that time. Except as expressly admitted herein as true, Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant terminated Plaintiff on November 1, 2021 because Plaintiff chose to remain unvaccinated pursuant to her sincerely held religious beliefs.

**ANSWER:** Defendant admits that Plaintiff was terminated on November 1, 2021. Except as expressly admitted herein as true, Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Defendant's stated reason for termination is false or not believable.

**ANSWER:** Defendant denies the allegations in Paragraph 32 of the Complaint.

## COUNT ONE

33. Plaintiff incorporates her allegations set forth in paragraphs 1 through 32 above as if fully rewritten herein.

**ANSWER:** Defendant incorporates by reference its above responses to all previous allegations as if fully rewritten.

34. Title VII prohibits employers from discriminating against its employees on the basis of their sincerely held religious beliefs. See 42 USC § 2000e-2(a).

**ANSWER:** The allegations in Paragraph 34 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant states that 42 U.S.C. § 2000e-2(a) speaks for itself.

35. Plaintiff holds a sincerely held religious belief that precludes her from receiving a COVID-19 vaccine.

**ANSWER:** Defendant denies the allegations in Paragraph 35 of the Complaint.

36. Plaintiff informed Defendant of her beliefs and requested a religious accommodation from Defendant's Vaccine Mandate.

**ANSWER:** Defendant admits that Plaintiff submitted a "COVID-19 Request for Accommodation of Sincerely-Held Religious Belief" on September 2, 2021. Except as expressly admitted herein as true, Defendant denies the allegations in Paragraph 36 of the Complaint.

37. Defendant failed to engage in the interactive process with Plaintiff regarding her religious accommodation request.

**ANSWER:** Defendant denies the allegations in Paragraph 37 of the Complaint.

38. Irrespective of the interactive process, Defendant failed to provide Plaintiff with a religious accommodation or reasonable accommodation.

**ANSWER:** Defendant denies the allegations in Paragraph 38 of the Complaint.

39. Defendant's failure to provide religious accommodation has harmed and will continue to harm Plaintiff.

**ANSWER:** Defendant denies the allegations in Paragraph 39 of the Complaint.

40. Plaintiff's religious belief was the basis for Defendant's discriminatory treatment.

**ANSWER:** Defendant denies the allegations in Paragraph 40 of the Complaint.

41. Accommodating Plaintiff's religious beliefs would not have resulted in an undue hardship on Defendant or its business.

**ANSWER:** Defendant denies the allegations in Paragraph 41 of the Complaint.

42. By failing to engage in the interactive process or offer any reasonable accommodation, Defendant's discriminatory actions were intentional and/or reckless and in violation of Title VII.

**ANSWER:** Defendant denies the allegations in Paragraph 42 of the Complaint.

43. As a result of Defendant's discriminatory actions, Plaintiff is entitled to all damages as provided by 42 USC § 2000e and common law including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, punitive damages, lost wages and income (including back pay and front pay), and other benefits to which she was entitled, an amount to be determined at trial.

**ANSWER:** Defendant denies the allegations in Paragraph 43 of the Complaint.

## COUNT TWO

44. Plaintiff incorporates her allegations set forth in paragraphs 1 through 43 above as if fully rewritten herein.

**ANSWER:** Defendant incorporates by reference its above responses to all previous allegations as if fully rewritten.

45. Title VII makes it illegal for an employer to discriminate against any individual with respect to her compensation, terms, conditions, or privileges or employment on the basis of religion. 42 USC § 2000e-2(a)(1).

**ANSWER:** The allegations in Paragraph 45 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant states that 42 U.S.C. § 2000e-2(a)(1) speaks for itself.

46. Plaintiff holds a sincerely held religious belief and is a member of a protected class.

**ANSWER:** Defendant denies the allegations in Paragraph 46 of the Complaint.

47. Plaintiff was qualified for her position with Defendant.

**ANSWER:** Defendant denies the allegation in Paragraph 47 of the Complaint.

48. Defendant engaged in a company-wide and systemic policy, pattern, and practice of religious discrimination against Plaintiff by failing to reasonably accommodate Plaintiff's sincerely held religious beliefs and objections to COVID-19 vaccination; discriminatorily pressuring Plaintiff to forego her religious beliefs and conscience to subject herself to an unwanted COVID-19 vaccination; offering illusory religious accommodations; and other forms of discrimination.

**ANSWER:** Defendant denies the allegations in Paragraph 48 of the Complaint.

49. By imposing its Vaccine Mandate on Plaintiff, deliberately refusing to reasonably accommodate Plaintiff's sincerely held religious objections, and falsely stating Plaintiff's religious accommodation would be considered, Defendant discriminated against Plaintiff on the basis of her religious beliefs and practices.

**ANSWER:** Defendant denies the allegations in Paragraph 49 of the Complaint.

50. Defendant's discriminatory actions were motivated by discriminatory animus towards Plaintiff's sincerely held religious beliefs.

**ANSWER:** Defendant denies the allegations in Paragraph 50 of the Complaint.

51. As a result of Defendant's disparate treatment, Plaintiff suffered an adverse employment action.

**ANSWER:** Defendant admits that Plaintiff was terminated on November 1, 2021, but it denies that it subjected Plaintiff to disparate treatment. Except as expressly admitted herein as true, Defendant denies the allegations in Paragraph 51 of the Complaint.

52. As a result of Defendant's disparate treatment, Plaintiff was treated differently than similarly situated employees with no religious objections to the COVID-19 vaccines.

**ANSWER:** Defendant denies the allegations in Paragraph 52 of the Complaint.

53. As a result of Defendant's discriminatory actions, Plaintiff is entitled to all damages as provided by 42 USC § 2000e and common law including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, punitive damages, lost wages and income (including back pay and front pay), and other benefits to which she was entitled, an amount to be determined at trial.

**ANSWER:** Defendant denies the allegations in Paragraph 53 of the Complaint.

## COUNT THREE

54. Plaintiff incorporates her allegations set forth in paragraphs 1 through 53 above as if fully rewritten herein.

**ANSWER:** Defendant incorporates by reference its above responses to all previous allegations as if fully rewritten.

55. Title VII makes it illegal for an employer to implement an employment practice or policy that causes a disparate impact on the basis of race, color, religion, sex, or national origin. 42 USC § 2000e-2(k).

**ANSWER:** The allegations in Paragraph 55 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant states that 42 U.S.C. § 2000e-2(k) speaks for itself.

56. Plaintiff is a member of a protected class.

**ANSWER:** Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegation in Paragraph 56 of the Complaint, and therefore, denies the same.

57. Defendant's Vaccine Mandate caused a disparate impact on the basis of religion.

**ANSWER:** Defendant denies the allegation in Paragraph 57 of the Complaint.

58. Defendant's Vaccine Mandate is not job-related for Plaintiff's position or consistent with business necessity.

**ANSWER:** Defendant denies the allegations in Paragraph 58 of the Complaint.

59. Plaintiff offered alternative employment practices for Defendant's Vaccine Mandate, but Defendant refused to adopt such alternative employment practices.

**ANSWER:** Defendant denies the allegations in Paragraph 59 of the Complaint.

60. As a result of Defendant's Vaccine Mandate, Plaintiff was disparately impacted and suffered an adverse employment action.

**ANSWER:** Defendant denies the allegations in Paragraph 60 of the Complaint.

61. As a result of Defendant's Vaccine Mandate, Plaintiff is entitled to all damages as provided by 42 USC § 2000e and common law including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, punitive damages, lost wages and income (including back pay and front pay), and other benefits to which she was entitled, an amount to be determined at trial.

**ANSWER:** Defendant denies the allegations in Paragraph 61 of the Complaint.

62. Defendant denies each and every allegation of Plaintiff's Complaint not specifically admitted herein.

63. Defendant denies that Plaintiff is entitled to any of the relief demanded in her Prayer for Relief.

## DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES

Subject to a reasonable opportunity for further investigation and discovery, and without shifting the burden of proof on any issue for which Plaintiff bears that burden, Defendant alleges the following additional defenses:

1. Some or all of Plaintiff's allegations fail to state claims upon which relief can be granted.

2. Plaintiff's allegations are barred to the extent they exceed the applicable statutes of limitations, including contractual statute of limitations provisions.

3. Plaintiff's claims may be foreclosed, and her damages may be limited, by the after-acquired evidence doctrine.

4. Defendant's actions were for legitimate, non-discriminatory business reasons.

5. Plaintiff failed to take advantage of any preventative or corrective opportunities provided to her or otherwise avoid harm.

6. Because any actions Defendant took regarding Plaintiff were in good faith, in accordance with its internal policies against discrimination, and not taken wantonly, with malice, bad faith, or reckless indifference to Plaintiff's protected rights, Defendant did not willfully violate any laws with respect to its treatment of Plaintiff, thereby negating Plaintiff's entitlement to punitive, liquidated, or other damages.

7. Defendant's conduct was, at all times, governed by legitimate, good faith business considerations that were consistent with applicable law and were not based on any unlawful factors.

8. Defendant had legitimate, non-discriminatory business reasons for the decisions made with respect to Plaintiff and the same decisions would have been made in the absence of Plaintiff's alleged religious belief.

9. Any actions taken with respect to Plaintiff were for reasons other than Plaintiff's alleged religious belief.

10. Any actions taken with respect to Plaintiff were done with business justification and because of business necessity.

11. Even if Plaintiff can show a particular employment practice caused a substantial disparate impact, the challenged practice is job-related for the position in question and consistent with business necessity.

12. Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, latches, and/or unclean hands.

13.     To the extent Plaintiff sustained damages, which Defendant denies, such damages were the direct and proximate result of her own conduct and fault.

14.     To the extent Plaintiff failed to mitigate her damages, her claim for monetary relief must be denied.

15.     To the extent Plaintiff received, or with reasonable diligence could have received, other income for the period of time that she alleges a loss of income from Defendant, such amounts should be set off against, and should reduce, any alleged damages Plaintiff seeks to recover from Defendant.

16.     Some or all of Plaintiff's claims are barred to the extent they go beyond the scope of the Charge of Discrimination she filed with the Equal Employment Opportunity Commission.

17.     Some or all of Plaintiff's claims are barred, in whole or in part, due to her failure to exhaust administrative, statutory, and contractual prerequisites prior to filing suit.

18.     Any award of punitive damages would be grossly excessive and would violate the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

19.     To the extent Plaintiff seeks equitable relief, her request is barred because she has adequate remedies at law.

20.     Plaintiff's claims are barred because she did not have a sincere or bona fide religious belief; she was not entitled to a reasonable accommodation; she did not request a reasonable accommodation; and any reasonable accommodation she requested would have constituted an undue hardship.

21.     Defendant reserves the right to raise additional defenses if and when such defenses are warranted and discovered.

## PRAYER FOR RELIEF BASED ON DEFENDANT'S ANSWER AND DEFENSES

WHEREFORE, Defendant requests that judgment be granted in its favor and against Plaintiff in the following manner:

1. That the Complaint be dismissed in its entirety;

2. That Plaintiff be ordered to pay Defendant's reasonable attorneys' fees and costs incurred in defending against this action; and

3. That Defendant be awarded such other relief as the Court may deem appropriate.

    Respectfully submitted,

    LITTLER MENDELSON, P.C.

    */s/ Scott Mainquist*
    Scott Mainquist (#6333007)
    smainquist@littler.com
    LITTLER MENDELSON, P.C.
    321 North Clark Street
    Suite 1100
    Chicago, IL 60654
    Telephone:   312.372.5520
    Facsimile:    312.372.7880

    Timothy S. Anderson (*pro hac vice* pending)
    tanderson@littler.com
    Jason T. Hartzell (*pro hac vice* pending)
    jhartzell@littler.com
    LITTLER MENDELSON, P.C.
    Key Tower
    127 Public Square
    Suite 1600
    Cleveland, OH  44114
    Telephone:   216.696.7600
    Facsimile:    216.696.2038

    Attorneys for Defendant,
    MEDLINE INDUSTRIES, LP

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2023, a true and accurate copy of the foregoing *Defendant's Answer to Plaintiff's Complaint* was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Scott Mainquist*
One of the Attorneys for Defendant

4881-8305-3889.2 / 049790-1161